# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| COREY W. PHELPS, # 13225 | * | |
| Petitioner | * | |
| v | * | Civil Action No. JKB-12-3777 |
| DR. HASSLER, et al. | * | |
| Respondents | * | |

***

## MEMORANDUM OPINION

Corey W. Phelps ("Phelps"), a self-represented petitioner, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. The Attorney General of the State of Maryland, through counsel, has filed a response with exhibits and requests dismissal of this case.[1] The court deems a hearing unnecessary to resolve the issues raised by petitioner. *See* Rule 8, "Rules Governing Section 2254 Cases in the United States District Courts" and Local Rule 105.6 (D. Md. 2011). For reasons to follow, the petition will be denied.

## FACTUAL BACKGROUND

In 2005, Phelps was convicted by a jury in the Circuit Court for Prince George's County of first-degree murder and using a handgun in the commission of a crime of violence. (Ex. 1 and 2).[2] He was sentenced to life in prison for murder and a consecutive 20 years in prison for the weapons offense. *See id.* Phelps appealed to the Court of Special Appeals of Maryland which in an unreported opinion filed on March 20, 2007, reversed the convictions and remanded the case for further proceedings. (Ex.2). The State did not seek further review of this determination.

---

[1] Phelps also names Dr. Hassler and "Mary Lou," P.G. County Director. Phelps does not provide an address for either respondent and they have not been served.

[2] All exhibits are at ECF No. 4.

Phelps is being retried, although it appears that issues related to his competency to stand trial have delayed the proceedings. (Ex. 1 at 9-19). On April 17, 2009, Phelps was found incompetent to stand trial. *See id.* at 14. On March 10, 2011, Phelps was determined to be competent to stand trial. *See id.* at 15. On August 8, 2011, additional mental health evaluations were conducted. *See id.* at 15-19. The matter is currently shown as scheduled for trial in March of 2013. *See id.* at 18.

In his § 2254 petition, Phelps claims: 1) there is no evidence against him; 2) there was a prejudicial misjoinder of offenses; 3) malicious prosecution; and 4) he was threatened by a police officer. (ECF No. 1 at 6). Respondent requests dismissal of this federal habeas proceeding because Phelps is not in custody pursuant to a state court judgment.

## DISCUSSION

Under 28 U.S.C. § 2254(a), federal courts have jurisdiction to entertain applications for habeas corpus only if the petitioner is "in custody" pursuant to a state court judgment in violation of laws, treaties, or the Constitution of the United States. *See Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). In this case, Phelps is challenging his pretrial detention and is not "in custody" pursuant to a state court judgment. Because he is not entitled to relief under § 2254, this petition will be dismissed.

A pretrial detainee may challenge his detention by petition for a writ of habeas corpus under 28 U.S.C. § 2241,[3] which allows a petitioner to challenge the fact, length, or conditions of custody and to seek immediate release. *See, e.g., Preiser v. Rodriguez*, 411 U.S. 475, 484-85 (1973). Although 28 U.S.C. § 2241 does not contain a statutory exhaustion requirement, courts have typically required prisoners to exhaust their administrative remedies prior to seeking habeas review under § 2241 in order to comport with principles of comity and federalism. *See Braden v.*

---

[3] The court is mindful that Phelps filed the instant motion pro se and accords his pleadings liberal construction.

*30th Judicial Circuit Court*, 410 U.S. 484, 490 (1973) (requiring exhaustion in 28 U.S.C. § 2241 matters); *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 634 (2d. Cir. 2001); *Moore v. De Young*, 515 F.2d 437, 442-43 (3d Cir. 1975). Further, absent extraordinary circumstances, which are not alleged here, federal courts abstain from considering claims of pretrial detainees where a petitioner can raise his claims through the course of the state criminal process. *See Younger v. Harris*, 401 U.S. 37, 44 (1971). Federal district courts should abstain from constitutional challenges to state judicial proceedings, regardless of a claim's merits, if the federal claims could be presented in the ongoing state judicial proceeding. *See Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 52–53 (4th Cir.1989). In this case, Phelps provides no evidence that he has exhausted his state court remedies and state court proceedings are pending.

## CONCLUSION

For the foregoing reasons, the court will dismiss the petition without prejudice. The court declines to issue a certificate of appealability because Phelps fails to demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006). A separate order follows.

DATED this 7 day of March, 2013.

BY THE COURT:

/s/ James K. Bredar
James K. Bredar
United States District Judge